# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY BIRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 8:08CV112 |
| ) | |
| NO FRILLS SUPERMARKET, INC. ) | ORDER |
| OF OMAHA and NO FRILLS ) | |
| SUPERMARKET, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's Motion to compel discovery (Doc. 29) and defendants' Motion (Doc. 39) for leave to file their Rule 26(a)(1) disclosures and nonexpert witness disclosures out of time. The court finds that the plaintiff has fully complied with the requirements of NECivR 7.0.1(i) and Fed. R. Civ. P. 37(a)(1), that plaintiff's motion should be granted, and that defendants should be given until and including **Friday, September 11, 2009** to serve their Rule 26(a)(1) disclosures and nonexpert witness disclosures.

On September 18, 2008, after reviewing the parties' Rule 26(f) planning report, the court entered an initial progression order directing all parties to serve the mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) by October 10, 2008. Plaintiff's disclosures were served on or about October 29, 2008. The defendants did not serve any initial disclosures. After a Rule 16 planning conference held February 26, 2009, the court entered a final progression order requiring the parties to disclose their nonexpert witnesses by May

29, 2009. Plaintiff disclosed nonexpert witnesses on June 30, 2009. The defendants did not disclose any nonexpert witnesses.

Plaintiff served interrogatories and requests for production of documents on February 26, 2009. The defendants did not serve any responses. Plaintiff's counsel contacted defense counsel seven times between April 10 and June 5, 2009 in an effort to obtain the defendants' Rule 26(a)(1) initial disclosures and responses to plaintiff's discovery requests.

On the afternoon of June 5, 2009, defense counsel told plaintiff's counsel he would be withdrawing from the case, new counsel would be entering an appearance, and he would have new counsel contact plaintiff's counsel. Plaintiff's counsel was not contacted by prior defense counsel or any substitute counsel and, therefore, filed the Motion to Compel on June 22, 2009.

Substitute defense counsel did not enter an appearance in this case until July 8, 2009 but was aware as early as June 11, 2009 that there was overdue discovery in this case.[1] Former defense counsel did not withdraw from the case until July 10, 2009.

Defendants' motion to file disclosures out of time (Doc. 39), filed July 10, 2009, acknowledges that the defendants did not comply with the October 10, 2008 deadline to serve

---

[1] Remarkably, the defendants now complain that plaintiff's counsel failed to contact present defense counsel before filing the Motion to Compel on June 22, 2009 even though present defense counsel had not entered an appearance in the case and former counsel was the only counsel of record for the defendants. The court does not construe its Local Rule 7.0.1(i) or Fed. R. Civ. P. 37(a)(1) to require moving counsel to negotiate discovery disputes with attorneys who are not counsel of record and finds the defendants' argument on this point to be patently unreasonable. In this case, plaintiff's attorney was diligent in trying to obtain discovery from the defendants, through their attorneys of record, without court action.

initial disclosures or the May 29, 2009 deadline for designating nonexpert witnesses. Defendants' brief in opposition to plaintiff's Motion to Compel advises that the defendants first received copies of plaintiff's written discovery requests on June 16, 2009 and, as of July 10, had partially complied with the requests.

The record shows that the defendants served responses to plaintiff's interrogatories and document requests on July 10, 2009 and served supplemental responses on July 17 and August 12, 2009. To date, there is no record that the defendants have ever served any Rule 26(a)(1) initial disclosures or designated any nonexpert witnesses.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions must be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified, or that other circumstances make an award of expenses unjust. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).

While the court does not in any way attribute defendants' failure to timely provide discovery to substitute defense counsel, the defendants have not shown that they were

somehow unable to comply with the court's scheduling orders and the Federal Rules of Civil Procedure over a period of over eight months. The defendants have not demonstrated that their position is substantially justified, or that other circumstances make an award of expenses unjust.

**IT IS ORDERED:**

1. Defendants' Motion (Doc. 39) for leave to file their Rule 26(a)(1) disclosures and nonexpert witness disclosures out of time is granted, and the defendants are given until and including **Friday, September 11, 2009** to serve their Rule 26(a)(1) disclosures and nonexpert witness disclosures.

2. Plaintiff's Motion to Compel discovery (Doc. 29) is granted.

3. Pursuant to Fed. R. Civ. P. 37(d), plaintiff is awarded all reasonable costs and attorneys' fees incurred in connection with the filing of the Motion to Compel. The parties are given until **October 1, 2009** to reach an agreement as to the amount of the fee award. If the parties are unable to reach an agreement, plaintiff may file a "Motion for Attorney Fees" no later than **October 15, 2009.**

**DATED September 8, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**