IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV112 |
| | ) | |
| v. | ) | |
| | ) | |
| NO FRILLS SUPERMARKET, INC. OF OMAHA, and NO FRILLS SUPERMARKET, INC., | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 54. Plaintiff filed this amended complaint alleging age discrimination in employment in violation of the Age Discrimination Act, 29 U.S.C. § 621 *et seq.*, and pursuant to Neb. Rev. Stat. § 48-1001 *et seq.* Filing No. 26. Defendants filed the motion for summary judgment contending there is no evidence to support plaintiff's claim of constructive discharge and, therefore, defendants are entitled to summary judgment as a matter of law.

**BACKGROUND**

Plaintiff previously worked for defendants for fourteen years. Defendants re-employed plaintiff on December 28, 2003, as a Store Director. Plaintiff states that in May 2006 defendants approached plaintiff and indicated he would be reassigned as a Store Director in a newer and larger store. According to the plaintiff, thereafter the Assistant Vice President realized that the plaintiff was nearly 63 years old at the time and would be eligible to retire soon. Plaintiff contends that he was then told he would be an assistant manager at another store, or that he might be left in his store with a younger

Store Director, which in either case was a demotion. Plaintiff states he was also given the option of accepting the demotion of retiring. Had he accepted the demotion, plaintiff contends he would have worked under a younger and less qualified Store Director.

Plaintiff contends that a letter was handed to him on May 22, 2006, announcing his retirement. Plaintiff says he was shocked and had no idea this would be given to him. Plaintiff signed a retirement letter and received $5,000.00. He believed he had to either sign the letter or be discharged. Plaintiff contends these actions were taken entirely on the basis of age, and that he was constructively discharged.

Defendants contend that plaintiff's age was not the cause of any adverse employment action and that plaintiff was not constructively discharged. Defendants argue that plaintiff was going to retire, so they offered him an assistant manager position at another store. Defendants contend that they intended that the store location in question in this lawsuit was going to be transitioned to one with an Hispanic format. The person they wanted to become Store Director allegedly had more Hispanic market experience. Plaintiff disputes this allegation, contending that he came into that store when it was losing money, he turned it around financially so that it made a profit, and that he had a 70% Hispanic clientele that he served. Defendants argue that they offered plaintiff a co-directorship with the new director or an assistant at another store, and plaintiff declined both offers.

## STANDARD OF REVIEW

### A. Summary Judgment

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence.  *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  *See* Fed. R. Civ. P. 56(e)(2); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).  The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show there is sufficient evidence to support a jury verdict in his or her favor.  *Id.*  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Although facts are viewed in the light most favorable to the non-moving party, in order to defeat a motion for

summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis Univ.,* 167 F.3d 398, 401 (8th Cir. 1999). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003).

Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro,* 247 F.3d 826, 830 (8th Cir. 2001). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1107 (8th Cir. 2000).

### *B. Constructive Discharge*

The ADEA prohibits discrimination on account of age against anyone in the protected age group. 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA states in part that "it shall be an unlawful employment practice for an employer [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a claim under the ADEA, the plaintiff must show the defendant intentionally discriminated against him because of his age. *Ziegler v. Beverly Enterprises-Minnesota, Inc.,* 133 F.3d 671, 675 (8th Cir. 1998).

The plaintiff argues some direct evidence of age discrimination. However, the plaintiff's claim relies also on indirect or circumstantial evidence. Without direct evidence, ADEA claims are analyzed under the burden-shifting framework of *McDonnell Douglas v.*

4

*Green,* 411 U.S. 792 (1973). *See Trammel v. Simmons First Bank of Searcy,* 345 F.3d 611, 614 (8th Cir. 2003) (*citing Mayer v. Nextel West Corp.*, 318 F.3d 803, 806-07 (8th Cir. 2003); *Dammen v. UniMed Medical Center,* 236 F.3d 978, 980 (8th Cir. 2001) (citations omitted). Under this framework, the plaintiff must first establish a prima facie case of age discrimination, then the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action, and the burden then shifts back to the plaintiff to show that the defendant's proffered reasons are pretextual. *Id*. *See also Allen v. City of Pocahontas, Ark.*, 340 F.3d 551, 557 (8th Cir. 2003). The burden of persuasion remains with the plaintiff throughout. *Yates v. Rexton, Inc.,* 267 F.3d 793, 799 (8th Cir. 2001).

To withstand a motion for summary judgment, the plaintiff must first establish a prima facie case. *Girten v. McRentals, Inc.,* 337 F.3d 979, 981 (8th Cir. 2003). To establish a prima facie case, the plaintiff must show: (1) he is age forty or older; (2) he met the applicable job qualifications; (3) he was discharged; and (4) age was the factor in the defendant's decision to terminate him. *Id*. *See also Taylor v. QHG of Springdale, Inc.*, 218 F.3d 898, 899-900 (8th Cir. 2000).

The United states Supreme Court has recently addressed this issue. Plaintiff must prove that his age was the "but for" reason for the adverse employment action, in this case, constructive discharge. *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2352 (2009) (". . . a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action.").

The Eighth Circuit has held that to constitute a constructive discharge, the employer's actions must be conducted with the intention of causing the employee to resign. *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1256 (8th Cir. 1981). Further, it is not sufficient that she simply shows a violation of Title VII. *Hutchins v. International Brotherhood of Teamsters,* 177 F.3d 1076, 1082 (8th Cir. 1999); *Phillips v. Taco Bell Corp.,* 156 F.3d 884, 890 (8th Cir. 1998). "Constructive discharge occurs when an employer deliberately renders the employee's working conditions intolerable and thus forces him to quit his job." *Klein v. McGowan,* 198 F.3d 705, 709 (8th Cir. 1999); *Kimzey v. Wal-Mart Stores, Inc.,* 107 F.3d 568, 574 (8th Cir. 1997). "The intent element is satisfied by a demonstration that quitting was a 'reasonably foreseeable consequence of the employer's discriminatory actions.'" *Breeding v. Arthur J. Gallagher & Co.,* 164 F.3d 1151, 1159 (8th Cir. 1999) (*quoting Summit v. S-B Power Tool,* 121 F.3d 416, 421 (8th Cir. 1997)). Further, an employee has an obligation to not assume the worst and act too quickly for purposes of determining whether she has been constructively discharged. *Tork v. St. Luke's Hospital,* 181 F.3d 918, 920 (8th Cir. 1999). Minor changes in duties or working conditions do not constitute grounds for a constructive discharge claim. *Kerns v. Capital Graphics, Inc.,* 178 F.3d 1011, 1016-17 (8th Cir. 1999); *Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir. 1994). However, actions amounting to a constructive discharge constitute adverse employment actions for purposes of Title VII. *Kerns,* 178 F.3d at 1016 (*citing Parrish v. Immanual Med. Ctr.,* 92 F.3d 727, 732 (8th Cir. 1996)).

## DISCUSSION

Defendants contend that plaintiff cannot prove at trial that his age was the "but-for" cause of adverse employment action. First, defendants argue that they did not

6

constructively discharge plaintiff. Second, defendants contend that plaintiff jumped to conclusions and resigned rather than asking what his responsibilities would be after the change to co-Store Director. Defendants assert that plaintiff should have tried the new proposal before quitting. Third, defendants argue that plaintiff failed to pursue their internal grievance procedure before leaving. Fourth, defendants argue that there is no evidence that they forced plaintiff to resign.

Plaintiff contends that this is an age discrimination case and that during their conversation about bringing in another Store Manager, Mr. Witecy stated he had no idea how old plaintiff was and declared plaintiff was old enough for Social Security benefits. Plaintiff indicated he knew what his Social Security benefits would be but that he had no intention of retiring. Plaintiff believed when he left that meeting he was going to manage another store. A week later plaintiff claims he received a call from the three managers, Fred Witecy (President of No Frills), Joe Bosco (Human Relations Director), and Calvin McWilliams who told him that because he was going to retire, they were going to give him an assistant manager position. He was offered the same pay but not the same bonus. Plaintiff again stated he had no intention of retiring. Thereafter, plaintiff was offered a non-management hourly job in receiving. Plaintiff says that Mr. Bosco specifically told him that Fred Witecy was not going to give him another store because of his age. Plaintiff says that discussions then occurred about severance pay, and he believed he had been terminated. He did not want to sign the retirement letter. During this time period, but before the retirement letter was given to plaintiff, management made announcements about new positions and plaintiff was no longer listed as a Store Director.

The court agrees with the plaintiff. There are issues of fact that must be determined at trial. The court finds that the plaintiff has met all elements of the *McDonnell Douglas* test for purposes of the summary judgment motion. The court further finds that defendants have failed to articulate a nondiscriminatory reason for plaintiff's adverse action. If in fact the defendants brought in a new manager with more Hispanic experience, there is no evidence other than age as to why plaintiff did not receive a position as Store Manager position at another store. Further, even if the defendants articulated a nondiscriminatory reason, plaintiff has submitted evidence that Mr. Bosco specifically stated that plaintiff did not receive the position because of his age. Defendants admit the following:

> Solely for purposes of this Motion, No Frills does not dispute that Plaintiff's age was one factor motivating certain of No Frills' decisions and actions, and was the sole reason Plaintiff was not transferred to another store. Nevertheless, it is undisputed that Plaintiff's age was not the reason Rob Connor was assigned to manage the 36th and Q store and was not the "but-for" cause of the challenged adverse employment action as required by *Gross*.

Filing No. 63, Defendant's reply brief, at 22.

With regard to the claim of constructive discharge, the court finds the plaintiff has presented sufficient evidence to show that he had an intolerable working condition and had no choice but to quit. First, Mr. Witecy made comments about older employees. Second, there is no dispute that plaintiff was asked his age during his yearend evaluation and comments were made indicating plaintiff could draw Social Security. Further, plaintiff testified that Joe Bosco, the Human Relations Director, specifically told plaintiff, after learning of plaintiff's age, that Mr. Witecy said plaintiff would not receive a position as Store Director. Plaintiff also states that Calvin McWilliams, an employee, told him the same thing. Defendants produced a list of store managers and directors, and plaintiff was not

on the list. The plaintiff then received a retirement letter to sign and $5,000.00 in severance money. A jury could conclude from these facts that age was the "but for" cause of plaintiff's discharge. Accordingly, the court will deny the motion for summary judgment and allow the case to proceed to trial.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 54, is denied, and this case shall proceed to trial.

DATED this 11th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.